UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 99.110.54.218,<br><br>Defendant. | Case No. 18-cv-06938-WHO<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 5 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") alleges that it is the owner of copyrighted works that have been illegally downloaded and distributed online. Although Strike 3 has determined the IP address allegedly used to conduct this activity, it has been unable to identify the actor through its own efforts. Strike 3 now applies ex parte for leave to serve a subpoena on AT&T U-Verse ("AT&T"), the Doe defendant's internet service provider ("ISP"), to learn the subscriber's identity. For reasons stated below, I **GRANT** the application.

## BACKGROUND

Strike 3 specializes in adult media entertainment and distributes its works on DVDs and adult websites. Complaint ("Compl.") [Dkt. No. 1] ¶¶ 1–3. It has a major problem with online piracy. *Id.* ¶ 17. On November 15, 2018, Strike 3 filed a complaint alleging that a Doe defendant used the BitTorrent file network to illegally download and distribute its works online. *Id.* ¶¶ 24–25. Strike 3 traced this activity to a subscriber assigned to IP address 99.110.54.218. *Id.* ¶ 5. Strike 3 owns or has pending applications for copyrights to all of the allegedly pirated works. *Id.* ¶¶ 32–33.

On December 18, 2018, Strike 3 applied ex parte for leave to serve AT&T, the relevant ISP, with a third-party subpoena under Federal Rule of Civil Procedure 45. Application for Leave

1  to Serve a Third-Party Subpoena ("Appl.") [Dkt. No. 5]. Strike 3 seeks the true name and address
2  of the Doe defendant, which it will use only to pursue its claims. *Id.* at 2.

## LEGAL STANDARD

Although Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery prior to a Rule 26(f) conference, parties may conduct early discovery with a court order. FED. R. CIV. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard to determine whether such an order is appropriate. *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (compiling cases). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at *5.

In applying this standard, courts consider whether the plaintiff has (i) "identif[ied] the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (ii) "identif[ied] all previous steps taken to locate the elusive defendant"; (iii) "establish[ed] to the Court's satisfaction that [the suit] could withstand a motion to dismiss"; and (iv) filed a request showing "a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–580 (N.D. Cal. 1999). Courts have granted early discovery where the plaintiff seeks facts that would make service on the defendant possible. *See Dallas Buyers Club LLC v. Doe-73.202.228.252*, No. 16-cv-00858-PSG, 2016 WL 1138960, at *1 (N.D. Cal. Mar. 23, 2016).

## DISCUSSION

### I. STRIKE 3 HAS SHOWN GOOD CAUSE FOR EARLY DISCOVERY

There is good cause for early discovery here because (1) Strike 3 has identified the defendant with sufficient particularity, (2) Strike 3 has taken steps to locate the individual, (3) the complaint is likely to survive a motion to dismiss, and (4) early discovery will likely lead to the subscriber's identity.

**A.  Identifying Defendant with Sufficient Specificity**

First, a plaintiff must identify the unknown party with sufficient specificity such that the

court can determine that the defendant is a real person or entity that could be sued in federal court. *Seescandy*, 185 F.R.D. at 578. Some judges in the Northern District of California have found sufficient specificity where the plaintiff identified the defendant's IP address and used geolocation technology to establish its physical location. *See OpenMind Solutions, Inc. v. Doe*, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011). Others have found that identifying the IP address alone satisfies the specificity requirement. *See, e.g., MCGIP, LLC v. Does 1-149*, No. C 11–02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011).

Under either standard adopted by courts in this district, Strike 3 has identified the defendant with sufficient specificity. Strike 3 submitted a declaration from an employee at IPP International U.G. ("IPP"), a company that tracks, monitors, and detects copyright infringement online. Declaration of Tobias Fieser [Dkt. No. 5-1] ¶ 4. The employee was able to connect with the Doe defendant's IP address via BitTorrent and then download multiple files containing a "unique identifier" that corresponds to Strike 3's copyrighted digital works. *Id.* ¶¶ 7, 10. Recordings show the times at which the transactions occurred. *Id.* ¶ 8. Strike 3 used Maxmind, a geolocation technology, to trace the IP address to the Northern District of California. Compl. ¶¶ 9, 10.

### B. Previous Steps Taken to Identify Defendant

Second, a plaintiff must recount steps it took to locate the defendant prior to requesting early discovery. *Seescandy*, 185 F.R.D. at 579. Strike 3 attempted web searches of the IP address and referenced other sources of authority, like informational technology guides and cyber security consultants. Appl. 10. It also submitted a declaration from an IT expert stating that "[b]ased on [his] experience in similar cases, Defendant's ISP AT&T U-verse is the only entity that can correlate the IP address to its subscriber and identify [the] Defendant." Declaration of Philip Pasquale [Dkt. No. 5-1] ¶ 10. These efforts are sufficient to satisfy this factor.

### C. Ability to Withstand Motion to Dismiss

Third, a plaintiff must demonstrate that its claim could withstand a motion to dismiss by "mak[ing] some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed

3

that act." *Seescandy*, 185 F.R.D. at 580. To withstand a motion to dismiss on a claim of direct copyright infringement, the plaintiff must (1) show ownership of the allegedly infringed material and (2) demonstrate that the alleged infringer violates at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1159 (9th Cir. 2007). Among a copyright owner's rights is the exclusive ability to reproduce the work, distribute it, and authorize others to reproduce or distribute it. 17 U.S.C. § 106(1), (3).

Strike 3 alleges that it owns copyrights to the works and that registrations of those copyrights are either complete or pending. Compl. ¶ 32. It also pleads that the Doe defendant violated its rights as a copyright holder by copying and distributing works without its authorization. *Id.* ¶ 39. These allegations are likely sufficient to survive a motion to dismiss.[1]

### D. Likelihood that Discovery Will Lead to Identifying Information

Finally, a plaintiff must demonstrate "a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Seescandy*, 185 F.R.D. at 580. AT&T will be able to provide the subscriber's name and address in response to a subpoena, which will allow Strike 3 to serve process. Even if the subscriber is not the proper defendant, learning his or her identity may allow Strike 3 to work with the subscriber to locate that individual. *See Strike 3 Holdings, LLC v. Doe*, 2018 LEXIS 218242, No. 18-cv-02019-YGR (EDL), at *11 (N.D. Cal. Sept. 14, 2018) (denying defendant's motion to quash subpoena issued to ISP). Strike 3's discovery request is reasonably likely to lead to a named defendant whom it can serve.

## II. PROTECTIVE ORDER

"[U]nder Rule 26(c), the Court may sua sponte grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co, Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Courts in this district have granted protective orders where the plaintiff sought early discovery to identify an IP address subscriber. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 18-cv-04999-YGR, 2018 WL

---

[1] Strike 3 should note that if the unknown defendant does later bring a motion to dismiss, mere identification of the defendant as the subscriber will be insufficient; instead, Strike 3 will have to "allege something more to create a reasonable inference that [the] subscriber is also [the] infringer." *See Cobbler Nev., LLC v. Gonzalez*, 901 F.3d 1142, 1144 (2018).

4

4635650, at *4 (N.D. Cal. Sept. 27, 2018); *Quad Int'l, Inc. v. Doe*, No. C 12-05433 CRB LB, 2012 WL 5868966, at *3 (N.D. Cal. Nov. 19, 2012). In granting these orders, courts have acknowledged that being publicly linked to a suit involving pornography may embarrass the named defendant. *Strike 3*, 2018 WL 4635650, at *4. They have also recognized the need for an added degree of protection because the mere fact that an individual is the ISP subscriber does not necessarily mean he or she is the infringing party. *Id.*

Strike 3 brings its application for early discovery in the precise context addressed in the cases above. Accordingly, I find good cause for a protective order. I will grant a protective order to the limited extent that any information regarding the defendant by Strike 3 from the ISP will be treated as confidential for a limited duration. *See Quad Int'l*, 2012 WL 5868966, at *3. Specifically, Strike 3 may not publicly disclose this information until the Doe defendant has the opportunity to file an application in this Court to be allowed to proceed in this litigation anonymously and I have ruled on that application. If the Doe defendant fails to file an application for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3's counsel, this limited protective order will expire. If the Doe defendant includes identifying information within his or her request to proceed anonymously, I find good cause to order the papers filed under seal until I have the opportunity to rule on the request. If the Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, I will direct Doe defendant to submit a copy of the under-seal request to Strike 3 and ensure that Strike 3 has time to respond.

## CONCLUSION

For good cause shown, Strike 3's ex parte application for leave to file third-party subpoena is **GRANTED.** I hereby order that:

1. Plaintiff may serve a Rule 45 subpoena on AT&T to obtain the true name and address of the Doe defendant. The subpoena must have a copy of this Order attached.

2. AT&T will have 30 days from the date of service upon them to serve the Doe defendant with a copy of the subpoena and a copy of this Order. AT&T may serve Doe defendant using any reasonable means, including written notice to his or her last known address, transmitted either by

first-class mail or via overnight service.

3. The Doe defendant will have 30 days from the date of service upon him or her to file any applications contesting the subpoena (including an application to quash or modify the subpoena) with this Court. If the Doe defendant does not contest the subpoena within that 30-day period, AT&T will have 10 days to produce the information responsive to the subpoena to Strike 3.

4. AT&T must preserve any subpoenaed information pending the resolution of any timely filed application to quash.

5. AT&T must confer with plaintiff and may not assess any charge in advance of providing the information requested in the subpoena. Should AT&T elect to charge for the costs of production, it must provide Strike 3 (i) a billing summary and (ii) cost reports that serve as a basis for such billing summary and any costs claimed by AT&T.

6. Strike 3 must serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. Any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting its rights as set forth in its complaint.

**IT IS SO ORDERED.**

Dated: January 31, 2019

William H. Orrick
United States District Judge